# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 4:23-mj-70818-MAG |
| Robert BROWN | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

**FILED UNDER SEAL**

FILED
Jun 06 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of December 1, 2022 in the county of Contra Costa in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in Possession of Ammuniton<br>Maximum Penalities:<br><br>10 years imprisonment<br>3 years of supervised release<br>$250,000 fine<br>$100 special assessment<br>Forfeiture |

This criminal complaint is based on these facts:

See Affidavit of Special Agent Nathan Sanchez

☑ Continued on the attached sheet.

/s/ *Nathan Sanchez*
Complainant's signature

Special Agent Nathan Sanchez
Printed name and title

Approved as to form   /s/ *Alexis James*
AUSA   Alexis James

Sworn to before me by telephone.

Date: June 6, 2023

/s/ *Donna Ryu*
Judge's signature

City and state: Oakland, California

Chief Magistrate Judge Donna M. Ryu
Printed name and title

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A CRIMINAL COMPLAINT

I, NATHAN SANCHEZ, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, being duly sworn, hereby depose and say:

## INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since September 2012. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF National Academy Special Agent Basic Training Course. My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime.

2. As an ATF Special Agent, I have conducted and participated in both state and Federal investigations involving the trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have used various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, phone cell-site data, precision phone location data, utility records, and telephone toll and subscriber records.

## PURPOSE OF THIS AFFIDAVIT

3.      The purpose of this affidavit is to obtain a criminal complaint and arrest warrant for Robert BROWN. To that end, this affidavit seeks to establish probable cause to believe that, on or about December 1, 2022, in the Northern District of California, BROWN violated 18 U.S.C. § 922(g)(1), being a felon in possession of ammunition (the "Target Offense").

4.      The information contained within this affidavit is based upon information I have gained from my personal knowledge, on my review of reports prepared by other law enforcement officers and records prepared by others, on conversations I have had with other law enforcement officers involved in this investigation, and my training, experience and information received from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are sufficient to establish probable cause to believe that has violated 18 U.S.C. § 922 (g)(1) – felon in possession of ammunition.

## APPLICABLE LAW

5.      The elements of the Target Offense are as follows: the defendant (1) knowingly possessed ammunition; (2) that ammunition had been shipped or transported from one state to another, or between a foreign nation and the United States; (3) at the time the defendant possessed the ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the ammunition, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## **PROBABLE CAUSE**

### **BROWN is Arrested on August 18, 2022, and Found in Possession of a Firearms, Ammunition, Drugs, and a Silencer.**

6.  On or August 18, 2022, Contra Costa County Sheriff Office (CCCSO) Deputies were on patrol in the city of Pittsburg, CA. At approximately 8:07 P.M., the deputies were stopped northbound of Madison Avenue just south of the intersection with Franklin Avenue. One of the deputies, who is also the operator of a police service dog (drug K9), observed a silver Chevrolet Corvette (CA License Plate: 8ZQA***) make a right turn northbound on Madison Avenue from South Street.

7.  The K9 deputy recognized the Corvette to be a vehicle driven by Robert BROWN. The K9 deputy knew BROWN to live at 250 Cleveland Avenue in Bay Point, CA, which is one street east of Madison Avenue. The deputy knew BROWN was being investigated for narcotics sales. Further, the deputy knew that a CCCSO detective had recently located evidence of BROWN engaged in narcotic sales from a review of cellular phone downloads.

   a.  I have reviewed a record for the Corvette from the California Department of Motor Vehicles dated August 19, 2022. The record shows the registered owner to be Brian Wortman and the registered address to be 5520 Indiana Drive, Concord, CA.

   b.  Based on my training and experience, I know that it is not uncommon for individuals involved in criminal activity to utilize vehicles which are not registered to their own names. Criminal suspects do this to avoid being associated to vehicles that they utilize to conduct their illicit activities.

8.  The Corvette accelerated north on Madison Avenue, which is a residential area with a posted speed limit of 25 miles per hour. The deputies drove northbound on Madison

Avenue behind the Corvette, and it began to accelerate away from the deputies. The deputies were traveling at 55 miles per hour and the Corvette was pulling away from them, in violation of CVC 22350 (speeding). The K9 deputy activated the patrol emergency lights in order to initiate a traffic enforcement stop for the speeding violation. The Corvette failed to yield. The K9 deputy then activated the emergency siren.

9. During this time, the deputies broadcasted to local police, including Antioch Police Department (APD) in the area, that they were in pursuit of the Corvette. Two APD officers, operating a patrol vehicle, began to attempt to locate the vehicle. One of the APD officers observed the Corvette parked partially on the street and partially in the driveway of 250 Cleveland Avenue. At approximately 8:10 P.M., the APD officers broadcast that they had located the Corvette. The officers pulled up to the vehicle and the driver, BROWN, stepped out of the driver's side door. The officers placed BROWN in handcuffs. During this time, the CCCSO deputies arrived at the location.

10. The K9 deputy believed BROWN had fled because he had illegal drugs or weapons on his person or in his vehicle and did not want to be stopped and arrested by law enforcement. The K9 deputy explained she believed this due to her knowledge of BROWN and his association with narcotics sales. At this time, the K9 deputy decided to utilize their police dog to sniff the Corvette. The police service dog is P.O.S.T. (Police Officer Standard of Training) certified to locate the odor of methamphetamine, cocaine, and heroin. The K9 deputy walked the police dog to the driver side rear of the Corvette. The driver side door to the Corvette was currently already open from when BROWN had stepped out of the vehicle earlier. The K9 deputy commanded the police dog to sniff the vehicle. The police dog walked toward the open driver side door of the Corvette. Without being commanded to do so, the police dog jumped into

the Corvette through the open door and began sniffing the interior of the vehicle as it moved between the driver side and passenger side seats. The police dog began sniffing intently near the center console in between the two seats. The police dog squatted down and hovered over the center console while staring at the K9 deputy. This indicated to the K9 deputy the police dog had located one of the above listed drug odors.

11. The vehicle was searched by a CCCSO deputy who located three plastic baggies containing suspected methamphetamine in the center console and two cellular phones on the side of the driver's seat. Due to this finding, the deputy believed there were additional narcotics inside of the vehicle. The trunk of the vehicle was searched, and a backpack was located along with a box which contained a large amount of cash. The backpack contained the following:

   a. Two gallon size bags which contained suspected methamphetamine.
   b. Two sandwich size baggies of suspected heroin.
   c. One sandwich size bag of suspected fentanyl pills.
   d. One Black, non-serialized, .22 caliber, privately manufactured handgun.
      i. Loaded with 10 rounds of .22 caliber ammunition, manufacturer: Cascade Cartridges, Inc.
   e. One Beige, non-serialized, 9mm, privately manufactured handgun.
      i. Loaded with 3 rounds of 9mm ammunition, manufacturer: Federal Cartridge Company.
   f. One Black firearm silencer.
   g. Additional: a black firearm holster, digital weighing scale, and two magnetic containers.



12. CCCSO deputies arrested BROWN for fleeing police and various state drug/firearm violations, which also included felon in possession of a firearm.

13. During this event, the K9 deputy collected a DNA oral swab from BROWN while he was seated in a patrol vehicle.

14. The seized drugs were later submitted to the CCCSO Forensic Services Division. The drugs were found to test positive for methamphetamine, heroin, and fentanyl. Regarding the seized fentanyl pills, the lab estimated the amount to be 1,382 pills.

15. The two firearms seized by CCCSO were later submitted to the CCCSO Forensics Services Division to be DNA swabbed. I have reviewed the lab report which revealed the following:

   a. From the 9mm handgun, a DNA mixture of at least five contributors was obtained. The DNA mixture was not suitable for comparison due to the number of contributors.

  b. From the .22 caliber handgun, the DNA result was interpreted as a mixture of four individuals and determined to be suitable for comparison. The mixture is at least 20 octillion ($10^{27}$) times more likely if it originated from BROWN and three unknown, unrelated individuals than if it originated from four unknown, unrelated individuals. This analysis provides very strong support for the proposition that Brown is a contributor to the mixture.

### BROWN is Arrested on December 1, 2022, and Found in Possession of a Firearm, Ammunition, and Drugs

16. On or about December 1, 2022, a CCCSO Detective obtained a state search warrant to search BROWN, two vehicles associated to BROWN (Dodge Ram & Chevrolet Camaro), and his shop, located at 2250 Freed Way, Pittsburg, CA. The search warrant was signed by Contra Costa County Honorable Judge Laurel Brady.

  a. The probable cause for this search warrant included information from the arrest of BROWN on August 18, 2022, among other evidence. Additionally, it included information from a review of the cell phones (pursuant to another state search warrant) which were seized from BROWN's vehicle. From a review of the cell phone forensic downloads, a CCCSO detective found text message conversations between BROWN and other subjects where the subjects were attempting to buy controlled substances from BROWN. Additionally, the CCCSO detective also located photographs of firearms.

  b. The probable cause also included evidence found from a cellular phone belonging to a different individual, J.M., who was arrested by CCCSO during October 2022. A state search warrant was obtained to search this cellular phone. A CCCSO detective reviewed the messages and found that J.M. communicated with a phone

number associated to BROWN. The messages included J.M. discussing purchasing drugs from BROWN.

17. On or about December 1, 2022, CCCSO deputies served the search warrant. BROWN was detained outside of 2250 Freed Way, Pittsburg, CA by deputies as BROWN arrived at the location and parked his Dodge Ram truck. Several other occupants were inside the vehicle who were also detained.

18. CCCSO deputies conducted their search according to the search warrant. During a search inside the shop, various items of evidence were located including, but not limited to, the following:

   a. Multiple pieces of mail addressed to Robert BROWN, including a check belonging to BROWN. Additionally, a jail lettered addressed to "Rob."

   b. Suspected methamphetamine, which was located inside of a black magnetic box which was attached to a metal shelf.

   c. A Black un-serialized 9mm privately manufactured handgun, which was loaded with 9mm ammunition, and was located on the shelf where the black magnetic box had been attached. The handgun was loaded with 11 rounds of assorted 9mm ammunition.

      i. The assorted ammunition was manufactured by the following: Federal Cartridge Company, Sig Sauer Ammunition, Winchester Ammunition, Fiochhi Munizioni, and Sellier & Bellot.

   d. Suspected blue "M-30" pills (which are commonly counterfeit pills containing fentanyl). A digital scale with white residue on it.

   e. A .40 caliber round of ammunition on a tray which was on a shelf. Next to this

item was a "Middle Class Tax Refund" debit card belonging to BROWN. Next to this item was a brown wooden box with gun cleaning brushes inside.

    i. The ammunition was manufactured by Winchester Ammunition.

f. A large amount of cash.

g. A prescription bottle addressed to N.W. which was contained inside of a backpack on top of a makeshift bed.

19. N.W. was present at the time of the execution of the warrant. A CCCSO detective provided a copy of the search warrant to N.W. N.W. asked what was seized. The detective informed her a firearm, methamphetamine, US currency and BROWN's cell phone were seized. The detective asked N.W. if any those items belonged to her. N.W. denied possessing of any of the items listed on the search warrant return which was provided to her.

20. CCCSO deputies arrested BROWN for various state drug/firearm violations, which also included felon in possession of a firearm.

21. The seized suspected methamphetamine from the magnetic box was later submitted to the CCCSO Forensic Services Division. The drugs were found to test positive for methamphetamine.

22. The firearm seized by CCCSO was later submitted to the CCCSO Forensics Services Division to be DNA swabbed. I have reviewed the lab report which revealed the following:

    a. Regarding a swab from the pistol grip, the report revealed the following: The DNA result was interpreted as a mixture of three individuals and determined to be suitable for comparison. The mixture is at least 34 octillion ($10^{27}$) times more likely if it originated from BROWN and two unknown, unrelated individuals than

      if it originated from three unknown, unrelated individuals. This analysis provides very strong support for the proposition that BROWN is a contributor to the mixture.

    b. Regarding a swab from the pistol slide and rear red dot sight, the report revealed the following: The DNA result was interpreted as a mixture of four individuals and determined to be suitable for comparison. The mixture is at least 20 octillion ($10^{27}$) times more likely if it originated from Brown and three unknown, unrelated individuals than if it originated from four unknown, unrelated individuals. This analysis provides very strong support for the proposition that BROWN is a contributor to the mixture.

## Interstate Nexus

23. The firearms recovered from the August 18, 2022, arrest of BROWN contained three (3) rounds of 9mm ammunition and ten (10) rounds of .22 caliber ammunition.

24. The firearm recovered from the December 1, 2022, search of BROWN's shop contained eleven (11) rounds of 9mm ammunition. An additional one (1) round of .40 caliber ammunition was also recovered.

25. Based on my training and experience, and from speaking with ATF Interstate Nexus Expert Special Agent Richard Timbang, I know that the ammunition recovered was all manufactured outside of California.

## BROWN's Prior Felony Convictions and Criminal History Summary

26. I reviewed BROWN's criminal history report and found him to have sustained multiple prior felony convictions including the following conviction:

    a. On or about May 25, 2021, BROWN was convicted of violating California Penal

Code 29900(A)(1) - possession of a firearm by an individual who has been convicted of a violent offense. This felony crime is punishable by a term of imprisonment exceeding one year. BROWN was sentenced to 16 months imprisonment for this crime.

27. I reviewed BROWN's criminal history and found him to have approximately six additional felony convictions, including for assault with a firearm on a person and numerous convictions possession of a controlled substance for sale. His criminal history also includes past arrests for and not limited to the following: burglary, carry loaded firearm public place, carry concealed firearm in vehicle, battery on person, vehicle theft, probation violation, prohibited own ammunition, possess marijuana for sale, possess controlled substance for sale, murder, assault with a firearm on person, felon in possession of a firearm, violate parole, transport controlled substance, evading peace officer, etc.

## CONCLUSION

28. Based upon the foregoing, I believe probable cause exists that on or about December 1, 2022, BROWN possessed ammunition in violation of 18 U.S.C. § 922(g)(1). As such, I respectfully request a warrant for his arrest.

/s/ *Nathan Sanchez*
Special Agent Nathan Sanchez
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by phone.

THIS \_\_6th\_\_ DAY OF JUNE, 2023.

_____
HON. DONNA M. RYU
CHIEF MAGISTRATE JUDGE

11